IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,290-01






EX PARTE JESS LEE ROY CRUMP, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2004-317-DWHC1 IN THE 362ND DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to forty years' imprisonment. The Second Court of Appeals affirmed his
conviction. Crump v. State, No. 02-04-277-CR (Tex.App. - Fort Worth, delivered April 28, 2005,
pet.ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because he advised
Applicant to have the trial court assess punishment when Applicant was seeking community
supervision and the trial court could not grant community supervision. He also complains that the
State improperly argued that the complainant would not have been able to testify as to details of
sexual misconduct unless Applicant had sexually assaulted her, after successfully arguing against
admission of evidence showing that the complainant had engaged in sex acts with several other
people. Applicant contends that counsel was ineffective in failing to object to this improper
argument. No findings of fact have been entered by the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. If no
live hearing is conducted, the trial court shall provide Applicant's trial counsel with the opportunity
to respond to Applicant's claim of ineffective assistance of counsel, and then provide the parties an
opportunity to respond to counsel's response. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the court shall determine whether Applicant's trial counsel advised him that the trial
court could not grant community supervision; whether Applicant wanted to seek community
supervision; whether the State successfully sought to exclude evidence that the complainant had
engaged sex acts with persons other than Applicant prior to the trial in this cause; whether the State
argued that the complainant could not have testified in such detail unless she had been sexually
assaulted by Applicant; and whether counsel objected to any such argument. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief. The trial court is not limited to the
above issues if the court believes any other issues are relevant to the application herein.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Delivered: February 28, 2007.

Do not publish